IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **TROY ANTHONY PICCALUGA,**<br>*Petitioner,*<br>*v.*<br>**DONALD JACKSON, *et al.*,**<br>*Respondents.* | CAUSE NO. 3:23-CV-3108-CWR-BWR |

**ORDER**

Before the Court is Magistrate Judge Bradley W. Rath's Report and Recommendation, Docket No. 7 ("Report and Recommendation"), which recommends that Petitioner Troy Anthony Piccaluga's Petition for Writ of Habeas Corpus, Docket No. 1 ("Petition"), be dismissed with prejudice.[1] This Court has reviewed the Petition, Petitioner's Objections to the Report and Recommendation, Docket No. 8 ("Objections"), and Respondent's Response in Opposition to Petitioner's Objections, Docket No. 9. For the reasons discussed below, the Court adopts the Report and Recommendation.

**I. Factual and Procedural History**

In 2018, while receiving treatment for depression, R.W.,[2] a minor, alleged that she and Petitioner—who was then a pastor at the Eagle Lake Methodist and Redwood Methodist Churches—had sex more than ten times. During the investigation prompted by R.W.'s

[1] On June 18, 2026, Petitioner filed a Motion for Ruling on Objections to the Report and Recommendation. Docket No. 10. Respondent filed a response to that motion on July 1, 2026. Docket No. 11. Because the Court adopts the Report and Recommendation and dismisses the Petition with prejudice, Petitioner's subsequent motion is denied as moot.
[2] Initials (R.W. and L.S.) are used throughout to protect the victims' identities.

allegations, L.S., also a minor and a friend of R.W.'s, alleged that she too had sex with Petitioner. Eventually, a grand jury indicted Petitioner on two counts of statutory rape of a victim aged 14 or 15 (for the two different victims, R.W. and L.S.) and one count of sexual battery of a victim aged between 14 and 16 (R.W.). The indictment was for acts that constituted "parts of a common scheme or plan" that took place "on or about January 2018 through March 2018." Docket No. 6-1 at 6-7.

Of particular relevance here, R.W. testified at trial that she had sex with Petitioner between church services on a Sunday morning in January 2018. On Sundays, Petitioner preached at Eagle Lake at 9 a.m. and Redwood at 11 a.m. R.W. testified that, on that January morning, she and Petitioner had sex at Petitioner's home after the Eagle Lake service, while "get[ting] stuff" for the subsequent service at Redwood. *See* Docket No. 6-5 at 83-85.

On March 12, 2020, a jury found Petitioner guilty of one count of statutory rape and one count of sexual battery against R.W. The jury was unable to come to a unanimous decision on the charged statutory rape of L.S. Petitioner was sentenced to consecutive terms of 30 and 25 years in Mississippi Department of Corrections custody.

Petitioner appealed. On November 23, 2021, the Mississippi Court of Appeals affirmed Petitioner's conviction and sentence. Petitioner then sought certiorari, which the Mississippi Supreme Court denied on May 12, 2022. Petitioner next filed a Motion for Relief from Judgment or Application for Leave to File Motion for Post Conviction Collateral Relief with Trial Court. The Mississippi Supreme Court denied that motion as meritless on November 7, 2023.

On November 22, 2023, Petitioner filed the Petition now before the Court. The Petition asserts four grounds for federal habeas relief: (1) actual innocence, (2) prosecutorial

misconduct related to three *Brady* violations; (3) a compromised and unlawful verdict, and (4) ineffective assistance of counsel. Attached to the Petition is a report from Baldwin Legal Investigations (the "BLI Report"). Docket No. 1-1. Petitioner hired BLI to "investigate the case" "in connection with [his] post-conviction relief proceedings." *Id.* at 1. As part of its investigation, BLI simulated Petitioner's trip from Eagle Lake to his home and then to Redwood to determine whether R.W.'s alleged January 2018 rape could have occurred. *Id.* at 16. Petitioner contends that the simulation "establishes" that the January encounter was "highly improbable, if not impossible." Petition at 7 (internal quotation marks omitted).

Judge Rath concluded that Petitioner's second ground was procedurally defaulted and, in any event, does not merit federal habeas relief. Report and Recommendation at 5-10, 12-14. Judge Rath also concluded that Petitioner's first, third, and fourth grounds do not merit federal habeas relief. *Id.* at 11-12, 14-25. And Judge Rath determined that Petitioner is not entitled to an evidentiary hearing or discovery. *Id.* at 25-27. All told, Judge Rath recommended dismissing the Petition with prejudice.

Petitioner timely objected to the Report and Recommendation. Docket No. 8. Respondents filed an opposition to those objections. Docket No. 9.

## II. Legal Standard

"Where a party objects to a magistrate judge's proposed findings and recommendations, the Court is required to 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Shelby v. Cain*, No. 1:21-CV-406-HSO-RPM, 2023 WL 2563229, at *3 (S.D. Miss. Mar. 17, 2023) (quoting 28 U.S.C. § 636(b)(1)). "Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own

determination on the basis of that record." *Gillett v. Hall*, No. 2:19-CV-44-TBM-MTP, 2022 WL 602192, at *3 (S.D. Miss. Feb. 28, 2022).

Frivolous, conclusive, or general objections need not be considered. *Id.* Nor must the Court weigh de novo those objections which "[m]erely reurg[e] the allegations in the petition or attack[] the underlying conviction." *Id.* (first alteration in original) quoting *Johansson v. King*, No. 5:14-CV-96-DCB-MTP, 2015 WL 5089782, at *2 (S.D. Miss. Aug. 27, 2015)). And, in the Fifth Circuit, "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)); *see also Omran v. Prator*, 674 F. App'x 353, 355 (5th Cir. 2016) (per curiam) (holding that a "claim will not be considered because it was raised for the first time in [] objections to the magistrate judge's report and recommendation").

A separate standard exists for those portions of the Report and Recommendation without objections. Such portions are merely "subject to a 'clearly erroneous, abuse of discretion and contrary to law' standard of review." *Johnson v. Morris*, No. 3:18-CV-392-KHJ-FKB, 2021 WL 3173604, at *2 (S.D. Miss. July 27, 2021) (quoting *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam)).

The Court considers the Report and Recommendation, and relevant objections thereto, within these standards.

## III. Discussion

### A. Ground One (Actual Innocence)

Petitioner contends that "newly discovered evidence [] supports a finding of actual innocence, such that habeas corpus relief and a new trial are warranted." Petition at 3. Judge

Rath rejected this argument, explaining that "[c]laims of actual innocence based on newly discovered evidence" cannot, on their own, "state a ground for federal habeas relief." Report and Recommendation at 12 (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).[3] Instead, as Judge Rath correctly noted, an actual innocence claim is a "gateway" through which a habeas petitioner can pass to have an otherwise procedurally defaulted claim considered. *Id.* (quoting *Herrera*, 506 U.S. at 404).

Petitioner does not specifically object to Judge Rath's determinations on this score. Accordingly, the portion of the Report and Recommendation finding that Petitioner's first ground for relief should be dismissed is considered without objection, reviewed for clear error, and, finding none, adopted by this Court.

**B. Ground Two (Prosecutorial Misconduct & *Brady*)**

Petitioner next alleges that the State committed prosecutorial misconduct when it withheld exculpatory evidence in violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). In particular, Petitioner claims that the State failed to produce evidence "regarding (a) the mental and emotional conditions of R.W., (b) the personal injury lawsuit that her parent had filed against the Methodist church, and (c) the impossible timeline of events that the claimed [January] sexual encounter ever actually occurred." Petition at 8.

Judge Rath concluded that Petitioner procedurally defaulted his second ground for relief. Report and Recommendation at 7-8. Judge Rath also determined that, even if not

[3] To date, the Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). The Supreme Court has "never ruled that possibility out" and, in fact, expressly declined to do so as recently as this May. *Fernandez v. United States*, 608 U.S. 411, 146 S. Ct. 1292, 1306 (2026). Nevertheless, the Fifth Circuit does not consider "freestanding claims of actual innocence." *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (per curiam) (quoting *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009) (per curiam)). This Court is without power to depart from that binding precedent.

procedurally barred, Petitioner's *Brady* and prosecutorial misconduct arguments are "meritless." *Id.* at 12-14.

1. Procedural Default

Petitioner does not challenge Judge Rath's finding that the claims comprising his second ground for relief are procedurally defaulted. Accordingly, that portion of the Report and Recommendation is considered without objection, reviewed for clear error, and, finding none, adopted by this Court.

The procedural-default rule is, however, "subject to two exceptions." *Wessinger v. Vannoy*, --- F.4th ---, 2026 WL 2409053, at *7 (5th Cir. Aug. 18, 2026) (quoting *Rocha v. Thaler*, 626 F.3d 815, 822 (5th Cir. 2010)). "A defaulted claim may be considered if (1) 'the prisoner can show cause for and prejudice from the procedural default,' or (2) refusing to consider the claim 'would result in a fundamental miscarriage of justice,'" *id.* (quoting *Rocha*, 626 F.3d at 822), because the petitioner is "actually innocent of the underlying offense," *Cruz-Garcia v. Guerrero*, 128 F.4th 665, 677 n.5 (5th Cir. 2025) (quoting *Dretke v. Haley*, 541 U.S. 386, 388 (2004)). Petitioner objects to Judge Rath's conclusions on both fronts.

*a. Cause and Prejudice*

In the context of procedural default, "[c]ause is 'some objective factor external to the defense' that 'impeded counsel's efforts to raise the claim in state court.'" *Herod v. Guerrero*, No. 25-40247, 2026 WL 2495303, at *3 (5th Cir. Aug. 25, 2026) (quoting *Prible v. Lumpkin*, 43 F.4th 501, 513 (5th Cir. 2022)). "Prejudice means that 'the errors worked to [the petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* at *3 (alteration in original) (citation omitted).

As to cause, Judge Rath concluded that Petitioner "has not asserted that an external force prevented him from raising" his procedurally barred claims. Report and Recommendation at 8. Because, as Petitioner points out, suppression can constitute cause for procedural default, *see* Objections at 7 (citing *Strickler v. Greene*, 527 U.S. 263, 280 (1999)), Petitioner's objections to Judge Rath's conclusions as to suppression can double as objections to cause. But because the Court rejects Petitioner's limited objections to Judge Rath's findings on suppression, *see infra* pp. 11-12, any derivative objection to Judge Rath's cause determinations is likewise overruled.

Petitioner separately implies that even if the relevant evidence was not "suppressed" in the *Brady* sense, his counsel's failure to discover and present the evidence is not chargeable to him because that counsel was constitutionally infirm. Stated another way, Petitioner suggests that even if the State did not "suppress" the relevant evidence, the ineffective assistance he received constitutes "cause" for his default. *Cf. Murray v. Carrier*, 477 U.S. 478, 488 (1986); *accord Davila v. Davis*, 582 U.S. 521, 528 (2017) ("It has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default [] if that error amounted to a deprivation of the constitutional right to counsel."). But because Petitioner fails to make out a meritorious ineffective-assistance claim, *see infra* pp. 15-16, the Court need not reach this argument. *See Davila*, 582 U.S. at 528. The objection is overruled.

With respect to prejudice, Judge Rath concluded that "Petitioner cannot show that . . . his outcome would have differed" had he raised his prosecutorial misconduct and *Brady* claims earlier. Report and Recommendation at 8. Relating the prejudice analysis to the materiality inquiry, *see* Objections at 7 (citing *Strickler*, 527 U.S. at 280), Petitioner accuses

Judge Rath of failing to address the materiality of the purportedly suppressed evidence. Like Petitioner's objections to suppression, his materiality objections do double duty. So does this Court's rejection of those same objections. For all the reasons that Petitioner's objections to materiality are overruled, *see infra* pp. 12-13, so, too, are his objections to prejudice.

For the reasons stated above, the portion of the Report and Recommendation finding that Petitioner failed to show cause and prejudice sufficient to excuse his procedural default is adopted by this Court.

*b. Actual Innocence*

As Judge Rath observed, Petitioner "advance[s] an actual innocence [gateway] claim that, if credible, would enable this Court to reach the merits of his otherwise procedurally defaulted ground two." Report and Recommendation at 8. That claim relies primarily on the BLI Report and the results of the BLI investigator's simulated trip from Eagle Lake to Petitioner's home and then to Redwood. In rejecting it, Judge Rath identified "several issues" with Petitioner's actual innocence argument. *Id.* at 9-10. Petitioner objects to some, but not all, of those determinations.

As an initial matter, the Court will dispense with Petitioner's broad objection that Judge Rath erroneously "rest[ed] his entire Report and Recommendation on a misapplication of law that [] Petitioner is required to prove actual innocence when offering newly discovered evidence." Objections at 10. In Petitioner's telling, Judge Rath's analysis "totally misses the constitutional mark" because his Petition "is not about some new undiscovered evidence that fell from the sky," but instead "goes to [] prosecutorial misconduct," the State's failure to "provide exculpatory and/or impeachment evidence," and "pervasive ineffective assistance of counsel." *Id.*

That contention misunderstands Judge Rath's conclusions and the law. In the absence of cause and prejudice justifying the default, the fundamental-miscarriage-of-justice exception provides the only other means through which this Court can reach Petitioner's procedurally defaulted *Brady* claims. *See Wessinger*, 2026 WL 2409053, at *7. That exception creates the actual innocence "gateway" and requires the petitioner to show that he is "actually innocent of the underlying offense." *See Cruz-Garcia*, 128 F.4th at 677 n.5 (citation omitted). True, new evidence is an essential part of such a claim. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (explaining that an actual innocence gateway claim "requires [the] petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial"). But "newly discovered evidence" does not, absent a showing of actual innocence, empower a habeas petitioner to press an otherwise procedurally defaulted claim. To the contrary, Fifth Circuit courts will not "apply the fundamental miscarriage standard [where the] petitioner fail[s] to allege actual innocence." *See Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Because the law required Judge Rath to determine whether Petitioner could show, "as a factual matter, that he did not commit the crime of conviction," *McGowen v. Thaler*, 675 F.3d 482, 499 (5th Cir. 2012) (quoting *Fairman*, 188 F.3d at 644), Petitioner's objection is overruled.

Petitioner otherwise principally objects to Judge Rath's conclusion that evidence contained within the BLI Report does not "qualify as 'new' . . . because 'it was always within the reach of [Petitioner's] personal knowledge or reasonable investigation.'" Report and Recommendation at 9 (second alteration in original) (quoting *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2714 (2019)). Petitioner complains that Judge Rath erroneously "rul[ed] that [the relevant facts] should have been known by the Petitioner" and,

in so doing, failed to "place[]" any "blame" on the State for its *Brady* violations or on trial counsel for constitutionally defective assistance. *See* Objections at 17. According to Petitioner, Judge Rath's "conclusion that this evidence was available at the state court level ignores the facts that the State did not produce and [Petitioner's] lawyer did not obtain such key evidence." *Id.* at 3. It was error, Petitioner insists, to "place[] the burden on [] Petitioner personally for not discovering this evidence." *Id.*; *see also id.* at 8 ("[T]he Magistrate Judge ignores the fact that [Petitioner] was being represented by counsel, who [was] under the ethical duty to effectively represent him under the tenants of *Strickland*. . . . [T]rial counsel, not the non-lawyer Petitioner personally, should have discovered the fallacy of [R.W.'s] testimony[.]").

The Court understands Petitioner to argue that the State's alleged *Brady* violations and his counsel's purportedly ineffective assistance render the relevant evidence not "within [his] reach," *cf. Hancock*, 534 F.3d at 465, such that this Court can excuse the default and consider his prosecutorial misconduct and *Brady* claims. But because Petitioner fails to make out either a *Brady* violation or an ineffective assistance claim, *see infra* pp. 11-16, the Court need not entertain Petitioner's proffered path. The objection is overruled.

Petitioner lastly challenges Judge Rath's conclusion that, even setting aside the January 2018 encounter, the "several other alleged rapes that Petitioner does not challenge in his Petition" undermine any claim of actual innocence. *See* Report and Recommendation at 9. Petitioner says that Judge Rath "fails to recognize that the contrived encounter that is now shown to be improbable casts heightened doubt upon all [of] the alleged encounters." Objections at 13. Assuming without deciding that Petitioner's logic follows, "heightened doubt" is not enough to clear the procedural bar. "[T]enable actual-innocence gateway pleas

are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (second alteration in original) (quoting *Schlup*, 513 U.S. at 329). This objection is overruled.

Petitioner otherwise does not dispute Judge Rath's conclusions regarding actual innocence or, save for those arguments already discussed, levies objections that are either too general to require *de novo* determinations or merely reiterate arguments from his Petition. For these reasons and those stated above, the portion of the Report and Recommendation finding that Petitioner failed to establish actual innocence sufficient for this court to consider the merits of his prosecutorial misconduct and *Brady* claims is adopted by this Court.

2. <u>The Merits</u>

Judge Rath determined that, even if not procedurally barred, Petitioner's *Brady* and prosecutorial misconduct claims are "meritless." Report and Recommendation at 12-14. As Judge Rath explained, to establish a *Brady* claim, a petitioner must show that favorable evidence was both "suppressed by the prosecution" and "material." *Grace v. Hooper*, 123 F.4th 800, 805 (5th Cir. 2024) (quoting *United States v. Glenn*, 935 F.3d 313, 319 (5th Cir. 2019)).

*a. Suppression*

Judge Rath concluded that none of the evidence to which Petitioner points was suppressed. The first and third pieces of evidence (R.W.'s mental and emotional health and the "impossible timeline of events," respectively), he determined, were "equally available to the defense and prosecution," and thus, as a legal matter, could not have been suppressed. Report and Recommendation at 13-14. On the second piece of evidence (R.W.'s personal injury suit), Judge Rath reasoned that Petitioner "cannot show that the State suppressed th[e]

evidence" because Petitioner "cite[d] no evidence indicating [that] the prosecution even possessed knowledge of R.W.'s suit." *Id.* at 14.

Petitioner does not specifically object to Judge Rath's conclusion as to the second piece of evidence. To the extent that Petitioner objects to Judge Rath's conclusions regarding the first and third pieces of evidence, those objections are overruled. As Judge Rath determined, the facts underlying Petitioner's first and third *Brady* claims were "discoverable through reasonable due diligence." *Cf. Prible*, 43 F.4th at 514 (quoting *Guidry v. Lumpkin*, 2 F.4th 472, 487 (5th Cir. 2021) (per curiam)). Where that is so, the evidence is not capable of suppression; the law does not require the State to "facilitate [its] compilation." *United States v. Runyan*, 290 F.3d 223, 246 (5th Cir. 2022).[4] Any objection is overruled, and the portion of the Report and Recommendation analyzing suppression is adopted by this Court.

*b. Materiality*

Judge Rath found that Petitioner cannot show that any of the three pieces of evidence were material under *Brady*. Report and Recommendation at 14.

Petitioner generally maintains that Judge Rath's materiality determinations turned on an impermissible "extrasensory view into the minds of the jurors." Objections at 13. This claim is mistaken. To assess materiality, Judge Rath properly asked whether the favorable evidence could, *if presented*, "put the whole case in such a different light as to undermine confidence in the verdict." Report and Recommendation at 14 (quoting *Kyles v. Whitley*, 514 U.S. 419, 435 (1995)). He did not re-evaluate the evidence presented at trial, nor speculate as

---

[4] Petitioner reiterates that he was represented by counsel which, he insists, was constitutionally defective and thus responsible for the failure to discover the relevant evidence. As discussed *supra* p. 7, the Court understands this complaint as one directed at Judge Rath's conclusions on cause.

to the motivations underlying the jury's verdict. *Contra, e.g.*, Petition at 13-14 (opining that the jury "did not desire for the Methodist denomination to be held liable for damages on claims by L.S."). The objection is overruled.

To the extent that Petitioner argues that Judge Rath applied the "incorrect legal standard" when assessing materiality, Objections at 20, his objection is overruled. Again, Judge Rath explained that Petitioner failed to demonstrate materiality because he "cannot show 'that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'" Report and Recommendation at 14 (quoting *Kyles*, 514 U.S. at 435). Petitioner cites the Fifth Circuit's decision in *Floyd v. Vannoy*, and emphasizes, first, that the "materiality of *Brady* evidence is *not* considered in light of the probability of acquittal," and, second, that "evidence is [] material under *Brady* where it simply demonstrates 'a reasonable probability that . . . the result of the proceeding would have been different.'" 894 F.3d 143, 166 (5th Cir. 2018) (per curiam) (quoting *Youngblood v. West Virginia*, 547 U.S. 867, 870 (2006) (per curiam)), *withdrawing and superseding on denial of reh'g en banc* 887 F.3d 214 (5th Cir. 2018).[5] But as the Fifth Circuit explained in that case, "[a] reasonable probability is a likelihood sufficient to '*undermine confidence in the outcome*.'" *Id.* (emphasis added and citation omitted). There is no daylight between the two standards. And, in any event, Petitioner ultimately acknowledges that the standard articulated in *Kyles v. Whitley* is the correct one. *See, e.g.*, Objections at 7. The objection is overruled.

[5] Petitioner (Objections at 10, 20) points to the Fifth Circuit's first decision in *Floyd v. Vannoy*, 887 F.3d 214 (5th Cir. 2018), which was withdrawn and superseded on denial of rehearing *en banc*. *See Floyd*, 894 F.3d at 148. The Court considers Petitioner's objection with reference to the substituted opinion, which includes language that is similar, but not identical, to that quoted in Petitioner's Objections.

For the reasons stated above, the portion of the Report and Recommendation finding that Petitioner failed to show that the state engaged in prosecutorial misconduct by violating Petitioner's rights under *Brady* is adopted by this Court.

**C. Ground Three (Unlawful Verdict)**

As part of his third ground for relief, Petitioner makes various arguments that the jury's verdict was unlawful. Chief among them is the claim that the verdict was the unlawful product of a compromise. *See* Petition at 20. Judge Rath rejected each of Petitioner's submissions pertaining to his third ground for relief, including the argument that the verdict resulted from an impermissible compromise.

Petitioner again charges Judge Rath with "improperly look[ing] into the minds of the jury." Objections at 18. But it is Petitioner who purports to know the "proper explanation" for and "objective rationale" underlying the jury's verdict. *See id.* Contrary to Petitioner's assertions, Judge Rath appropriately declined to engage with Petitioner's arguments that rely on inferences about the jury's reasoning. *See* Report and Recommendation at 16 (citing *United States v. Powell*, 469 U.S. 57, 66 (1984)).[6] The objection is overruled.

The remainder of Petitioner's objections, *see, e.g.*, Objections at 18 (alleging that Judge Rath "misconceives and misapplies the clear fact that the jury's verdict was improper since it was obviously a compromised verdict"), are too conclusory to warrant *de novo* consideration. And much of Judge Rath's review of Petitioner's third ground goes

[6] Even if this Court had authority to examine the jury's reasoning, Petitioner's argument would fail. He has offered no persuasive explanation as to why the purported "inconsistency" in the jury's verdict demonstrates that the jury must have reached that verdict by coming to an impermissible "compromise" or on the basis of outside "forces and conduct." *See, e.g.*, Petition at 5, 8.

unanswered. For these reasons and those stated above, the portion of the Report and Recommendation dismissing Petitioner's third ground for relief is adopted by this Court.[7]

**D. Ground Four (Ineffective Assistance of Counsel)**

Judge Rath identified five sub-arguments within Petitioner's broader ineffective-assistance claim and rejected each one. *See* Report and Recommendation at 20-25.

Petitioner's most direct objections to Judge Rath's ineffective-assistance conclusions raise new arguments not presented in his petition. For example, apparently conceding that trial counsel did "obtain[] and review[] [R.W.'s] psychology records," *contra* Petition at 21-22, Petitioner responds by pointing, for the first time, to his counsel's failure to appeal the trial court's protective order, which, he submits, "prevented disclosure of matters which certainly called into question the credibility of the accusers." Objections at 8, 26. Because those objections are not properly before this Court, *see Finley*, 243 F.3d at 219 n.3, they are not considered.

Petitioner otherwise levies general objections to Judge Rath's conclusions, repeats arguments from his Petition, or fails to object at all. For example, for those arguments that Judge Rath rejected as conclusory, *see* Report and Recommendation at 20-22, Petitioner does not dispute the characterization, let alone rebut the determination with reference to specific allegations in the Petition. And Petitioner's sweeping claim that Judge Rath failed to "even address or analyze in any fashion" the "pervasive ineffective assistance in violation of *Strickland*," Objections at 10, is belied by the record. In point of fact, Judge Rath methodically

[7] Petitioner does not object to Judge Rath's conclusion that any sufficiency of the evidence claim was not exhausted and is not properly before this Court. *See* Report and Recommendation at 16. Nor does he object to Judge Rath's analysis regarding the merits of any such claim. *See id.* at 16-18. Accordingly, the portion of Judge Rath's Report and Recommendation considering that claim is considered without objection, reviewed for clear error, and, finding none, adopted by this Court.

addressed each of Petitioner's ineffective-assistance arguments. Accordingly, the portion of the Report and Recommendation evaluating Petitioner's ineffective-assistance claim is adopted by this Court.

**E. Evidentiary Hearing**

In the alternative, Petitioner asks the Court to grant him an evidentiary hearing. *See* Petition at 9. Judge Rath rejected that request. Report and Recommendation at 25-27. Petitioner protests that the reasons for that decision go "wholly unexplained." Objections at 9. Not so. Judge Rath spelled out that Petitioner has failed to satisfy the statutory criteria for entitlement to an evidentiary hearing. Report and Recommendation at 26-27. Because Petitioner fails to specifically respond to Judge Rath's analysis, the portion of the Report and Recommendation denying Petitioner's request for an evidentiary hearing is considered without objection, reviewed for clear error and, finding none, adopted by this Court.

## IV. Conclusion

The Court has considered all arguments; those not addressed would not have altered the outcome. For the reasons discussed above, Petitioner's objections are overruled. Petitioner's Motion for Ruling on Objections to the Report and Recommendation, Docket No. 10, is denied as moot. The Report and Recommendation, Docket No. 7, is adopted and the Petition, Docket No. 1, is dismissed with prejudice. A separate final judgment shall issue.

**SO ORDERED**, this the 21st day of September, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE